## No. 9411.

THE STATE EX REL. MARY LEVY vs. THE JUDGES OF THE COURT OF APPEALS FOR PARISH OF ORLEANS.

It is of constitutional requirement that the rules of practice in and for the Supreme Court shall govern the circuit courts in the matter of regulating appeals.

Where the circuit court had made a rule requiring a certain detailed statement to accompany the original papers and dismissed the appeal of its own motion because the same

had not been filed, this court will on certiorari direct such dismissal to be set aside because not in conformity to the practice in this court, and because the Constitution has required that appeals to the circuit court shall be tried on the original papers.

Where the law or a rule of court has imposed a duty on the clerk and he neglects to perform it, the punishment for his fault will not be visited on the appellant by a dismissal of his appeal.

The right of appeal is a legal and constitutional right and the judges of appellate courts have no power to defeat or destroy such a right for failure to comply with conditions imposed by their own rules, but not sanctioned by any provision of law.

The power of courts to make appropriate rules for the transaction of business before them, to require compliance with such rules and to enforce it by proper orders and penalties, is not questioned, but dismissal of the appeal is not a proper or lawful penalty and is one beyond judicial authority to inflict.

APPLICATION for Certiorari.

*W. F.* and *D. C. Mellen* for the Relator.

*Walter H. Rogers* and *W. S. Parkerson* for the Respondents.

The opinion of the Court was delivered by

MANNING, J.　Levy the relator appealed to the Circuit Court from a judgment of the District Court against him for four hundred and fifty dollars in the suit of Alford vs. Heyman and Levy. The Circuit Court dismissed the appeal of its own motion because the appellant had not complied with one of its rules requiring that the record of a suit must be accompanied by a detailed list of all the pleadings evidence and documents in the order of their filing certified by the clerk or counsel. Levy asked the revocation of this dismissal and the reinstatement of the appeal, which being refused he now prays a certiorari in order that the rightfulness of the Circuit Judges' action may be inquired into and they be ordered to do what he alleges they should have done.

We said lately in the Forman case we might on a proper presentation inquire into the power of the Circuit court to adopt and enforce the rules so loudly denounced. That proceeding was an application for a mandamus which we refused. The writ of certiorari is invoked by this relator and is the form proper to be used to obtain the relief now sought if obtainable.

The Constitution requires that causes on appeal to the Circuit courts shall be tried on the original record, and prescribes that the rules of practice regulating appeals to the Supreme court shall apply to appeals to the Circuit courts so far as they are applicable until otherwise provided by law. Arts. 102-3. There has been no provision of law about it, so that it is a constitutional requirement that the rules of practice

in this court shall govern the circuit courts in the matter of regulating appeals, and the requirement that the originals of pleadings, etc. shall suffice for the trial of appeals to the Circuit court is of equal constitutional dignity.

We certainly feel the utmost delicacy and hesitation in interfering with the enforcement of the rules adopted by our learned brethren of the Circuit court, but we must of necessity inquire into their power to make them and the enforcement of them when proper demand is made upon us.

All courts have power to make rules to facilitate the progress of business in them when not in contravention of the letter of the law and not hostile to its spirit. One of the objects of establishing the circuit courts was to diminish the cost of appeals in causes within a certain amount, and to effect this it was organically commanded that the original record should alone be used. No other papers should be required. The great object was to enable litigants to have their appeals heard without additional cost. Grant that the rule, requiring that a detailed list of the pleadings evidence and document shall accompany them, is one calculated to facilitate the court in the examination of them, and that the court had power therefore to make it, does it follow that so severe a penalty as dismissal is permissible—a penalty that entails the denial of any hearing and abridges the right of appeal on the sole condition that the constitution has required, i. e. the production in court of the original records—a penalty too not contained in the rule and of the possible infliction of which the parties were not advised.

The fault of the detailed statement not appearing is primarily with the clerk, and it is settled practice in this court that litigants are not to be punished for his fault. Here the worst that could befal the parties would be delay until the clerk furnished the wanting paper, and if the practice here is to prevail in the circuit court, as under the constitutional direction it must, how can the parties be put *in duriori casu* by the circuit court by inflicting a penalty that deprives them of any hearing whatever?

And it must be observed that no motion was made to dismiss. The adverse party had not asked the interposition of the court to cut off the appeal. Of course appellate courts may and do dismiss *ex mero motu*, but never where all has been done that the constitution has ordered to be done, when as in this case the constitution has descended into details and taken the pains to say that appellants need do no more than a particular thing, viz file the original records.

It has often been said the right of appeal is a constitutional right and should not be needlessly abridged. The constitution has hedged this right, so far as relates to appeals to the circuit courts, with a special protective appliance in specifying what those courts shall or may require to be filed to entitle the appellant to a hearing.

We are constrained to conclude that the penalty of dismissal has not been judiciously inflicted, and while we in no wise interfere with the rule of the circuit court, which does not prescribe the penalty of dismissal, we think some time should have been given to comply with it.

It is therefore ordered that the judgment of dismissal be rescinded and that the Court of Appeals for Orleans proceed with the trial of the cause after giving time to the appellant to comply with its rule touching the matter in hand.

## ON APPLICATION FOR REHEARING.

FENNER, J.   Our desire that the learnèd respondents should know that we have carefully and maturely considered the grounds of their complaint against the decree rendered herein, impels us to say a few words on this application.

They claim that every court of record has inherent right and power to make appropriate rules for the transaction of its business. We cheerfully admit it.

They assert that Rule V of their court is a reasonable and proper rule. We have never disputed it.

They say that the power to make rules is nothing without the power to enforce them; and that the power to enforce implies the power to inflict penalties for their violation. Certainly that is true.

But, obviously, there must exist limitations to the extent and character of the penalties which may be inflicted.

Certainly a man cannot be hung or sent to the penitentiary for breach of a rule of court.

We are not called upon to define the nature and extent of the penalties which may be imposed, nor of the powers possessed by courts in relation thereto. They are no doubt sufficient for the purpose.

The simple and radical question presented for our determination is, whether any court possesses the power to defeat or destroy the legal and constitutional right of appeal for any cause not founded on *law*.

The Constitution and laws grant the right of appeal. They prescribe the conditions on compliance with which it may be exercised and enjoyed. Whence is derived an authority in courts to add to these conditions and to destroy a right of appeal founded on com-

pliance with every condition prescribed by law, for non-compliance with a mere rule of court, which, however competent and proper for the convenience of judges and for the efficacious administration of justice, has not been prescribed by the law-making power as essential to the taking or maintenance of the appeal?

The question is a grave one. If courts may add such conditions at all and enforce them by the penalty of dismissal, it would be difficult to impose limitations upon such a power; and a right guaranteed by legislative authority would have no protection against arbitrary judicial discretion.

In denying such a power we impose a limitation upon ourselves no less than upon other appellate courts.

We have not discovered in our jurisprudence any conflict with this denial.

Dismissals of appeals for untimeliness of application, for improper day or place of return, for failure of timely filing, for defectiveness of the transcript, for incomplete certificate of the clerk, and the like, are all founded on failure to comply with express provisions of the law on those several subjects. Under Article 103 of the Constitution, no doubt these legislative "rules of practice regulating appeals to and proceedings in the Supreme Court" apply to the courts of appeal, as far as applicable, and may be enforced in the same way.

But though we have adopted several rules not founded on legislative provision, and claim the right to compel their observance by appropriate orders and penalties, we are not aware that this Court has ever assumed the power to dismiss an appeal for non-compliance therewith. Thus our first rule prescribes very minute regulations for the confection of transcripts, and particularly one, quite analogous to the rule here under consideration, requiring that "an accurate alphabetical index should be attached to and form part of every transcript," containing certain designated references.

To say that Rule I is often violated would, we regret, be less correct than to say that it is rarely ever complied with. We have often animadverted on the defectiveness of transcripts for non-compliance with this rule; but we have never supposed that this could furnish legal ground for dismissing the appeal.

Now the law may be searched in vain for any provision of law embodying the requirements of Rule V of the Court of Appeals. It is a pure judicial regulation, and however appropriate and essential it may be for the proper exercise of their jurisdiction by those tribunals, and whatever authority they may have to enforce it by appropriate orders

and penalties, we are constrained to conclude that they, like ourselves, are without authority to punish its non-observance by dismissal of the appeal.

This raises a distinct question of judicial power and brings the case within the authority of the Liversey and Hero cases as proper for the exercise of our supervisory jurisdiction through the writ of *certiorari.*

The power conferred upon us by Article 90 of the Constitution, imposes duties, the delicacy of which we duly appreciate; but, even though the learned and able respondents may differ from our opinion, we trust they will be assured that we have acted under a full sense of the respect due them, and only in obedience to our conscientious convictions of duty.

Rehearing refused.