(137 So. 198)

RICHARDS et al. v. HORECKY.

No. 31319.

July 17, 1931.

John W. Lewis, and Geo. K. Perrault, both of Opelousas, for plaintiffs.

Pugh & Buatt and Medlenka, Bruner & Chambers, all of Crowley, for defendant.

On Motion to Dismiss Appeal.

ODOM, J.

Judgment was rendered in this case in the district court in favor of plaintiff for $600 on September 30, 1929, and on the same day, on motion of counsel, defendant was granted appeals, suspensive and devolutive, returnable in this court on or before November 27, 1929. Neither appeal was perfected.

On September 27, 1930, less than one year from the date on which the judgment was signed in the lower court, the plaintiff, by motion, asked for a devolutive appeal to this court, and the judge of the district court signed an order reading as follows:

"It is ordered that a devolutive appeal be granted to the said plaintiffs returnable to the Supreme Court of the State of Louisiana on the 15th day of November A. D. 1930, upon plaintiff's furnishing bond with good and solvent security according to law in the sum of $600.00.

"It is further ordered that a copy of this motion and order be served on the defendant Conrad Horecky.

"Granted at chambers at Abbeville, La., on this 27th day of September, 1930."

On the same day, the plaintiff executed and filed a devolutive appeal bond in the sum of $600, conditioned according to law.

Whereupon, the clerk of the district court issued to the defendant a citation, in words and figures as follows:

"To Mr. Conrad Horecky, of Acadia Parish, La.,

"Whereas Ernest H. Richard, et als, have, on the 27th day of Sept. 1930, filed in the office of the Clerk of the 15th Jud. Dist. Court, in and for Acadia Parish, La., a petition for a devolutive appeal from a certain final judgment rendered in said Court, against Conrad C. Horecky, which appeal is returnable in the Supreme Court of Louisiana, at New Orleans, La., on the 15th day of November, 1930;

"You are, therefore, hereby notified to appear in person or by Attorney, in said court on the date last aforesaid to answer the said appeal.

"Witness the Honorable W. W. Bailey, Judge of the Court aforesaid, on this the 27th day of September, A. D. 1930.

"F. M. Fontenot, Clerk of Court."

Certified copies of this citation, motion, and order of appeal were delivered to the sheriff for service, and were served according to law on September 27, 1930.

The return day for filing the transcript was extended by this court to June 14, 1931. The transcript was filed here on June 6th.

On the same day, the defendant filed his written motion to dismiss the appeal, on the ground that "there is nothing in the order authorizing a citation to issue to him and that the said citation so issued was ultra petitionam and was null and of no effect and the said appeal should be therefore dismissed."

■ There is no merit in the motion to dismiss the appeal. The court granted the appeal, fixed the amount of the bond to be given and ordered that a copy of the motion and order be served on defendant. Upon appellant's filing with the clerk bond for costs, as fixed by the court, the clerk proceeded in accordance with the letter of article 581 of the Code of Practice, which reads as follows:

"Citation of Appeal. When an appeal has been taken, and security given, as directed by the court, the clerk shall deliver a copy of the petition of appeal to the sheriff, to be served on the appellee, together with a citation to appear before the court of appeal to answer within the delay hereinafter prescribed."

It was not necessary for the court, in specific terms, to order that citation issue to defendant. All the court was called upon to do was to grant the order of appeal, and fix the amount of the bond.

This the court did. It then became the duty of the clerk to issue the citation under article 581 of the Code.

■ Counsel further suggest that the order granting the appeal should have been entered on the minutes of the court.

The order could not be entered on the minutes, for the reason that it was granted at chambers.

The motion to dismiss the appeal is overruled.