91 So.2d 773

**Dr. Frank H. MAREK**

v.

**Dr. G. Gordon McHARDY et al.**

No. 42937.

Dec. 10, 1956.

Carmouche & Martin, Lake Charles, for plaintiff-appellant.

Dufour, St. Paul, Levy & Marx, New Orleans, for appellees.

PONDER, Justice.

The appellees have moved to dismiss the appeal in this case alleging that no citation of appeal was served on them due to the fault of the appellant.

Upon examination of the record, we find that the appeal was not taken in open court and that the petition for appeal asks that the defendant (appellees) be duly cited to appear and answer the appeal. The citation of appeal was never served on the appellees.

The order of appeal was granted on February 20, 1956, returnable to this Court on April 16, 1956, conditioned upon the furnishing of a bond in the amount of $150. The appellant posted the appeal bond on March 19, 1956. We find from the correspondence in the record between the attorney for the appellant and the clerk of court that the appellant transmitted the costs to the clerk and informed him that if there were any other costs due for the filing of the order granting the appeal and for the filing of the appeal, to please notify him of the amount due. It does not appear that there was any demand from the clerk for any further costs.

The appellees contend that when the clerk demanded the costs for the filing of the petition of appeal and for the filing of the bond that the appellant was made cognizant of the fact that no citation had or would issue. They further contend that at that time the appellant had filed no bond and that no citation of appeal could legally issue and that when the appellant did file the bond weeks later he did not ask for citation to issue although the appellant had previously been put on notice by the amount of costs demanded.

The appellees have cited no cases involving a situation like the one here presented whereas the appellant cites the cases of Nunez v. Serpas, 198 La. 415, 3 So.2d 673 and Richards v. Horecky, 173 La. 411, 137 So. 198, which he contends are controlling.

We have examined these authorities and find that it is the duty of the clerk of court to issue citations of appeal when they are prayed for and appellant should not be penalized when the clerk failed to perform this mandatory duty. And in all cases where the appellant asks for citation in his petition, the appeal must be sustained even though the citation was not served, unless the record affirmatively discloses that the failure to issue citation is caused by the appellant or his counsel. Nunez v. Serpas, supra; Richards v. Horecky, supra; Gallagher v. Thomas, 22 La.Ann. 112; McCutchen v. Hudson, 132 La. 177, 61 So. 157; Investors' Mortgage Co. v. Aleman, 165 La.

104, 115 So. 383; and Articles 581 and 582 of the Code of Practice.

There is nothing in the record to indicate that the appellant was in any way responsible for the clerk's failure to issue the citation of appeal and, therefore, the appeal must be sustained.

For the reasons assigned, the motion to dismiss the appeal is denied.