98 So.2d 207

**Dr. Frank H. MAREK**

**v.**

**Dr. G. Gordon McHARDY et al.**

No. 42937.

Nov. 12, 1957.

Carmouche & Martin, by Ernest G. La-Fleur, Jr., Lake Charles, for plaintiff-appellant.

Dufour, St. Paul, Levy & Marx, John St. Paul, Jr., New Orleans, for defendants-appellees.

FOURNET, Chief Justice.

This case is before us for the second time on appellee's motion to dismiss the appeal. The first motion was denied on the finding that the failure to issue citation of the appeal was the fault of the district clerk of court, whose mandatory duty it was to issue the citations as prayed for, and not attributable to the fault of appellant or his counsel, as alleged in the motion. See, 231 La. 505, 91 So.2d 773.

In this second motion, filed some seven months after our former decision, counsel for appellees contend that any further proceedings in connection with this appeal[1] deprives them of their property without due process of law and divests them of their vested rights in and to the judgment se-cured below, contrary to constitutional guarantees to be found in the fourteenth amendment to the federal constitution and in Sections 2 and 6 of Article I and Section 15 of Article IV of the Constitution of Louisiana for 1921, the assertion being made that this continued failure of citation cannot now be attributed to the district court clerk since that court lost jurisdiction when the transcript was lodged here on appeal, that it cannot be attributed to the clerk of the Supreme Court since he has no duty or authority in law to issue such service, and that it must, therefore, be the fault of the appellant and/or his counsel.

There is clearly no merit to this motion. No authority has been cited in support of the contention that the district clerk was without authority to issue the citation after the transcript was lodged here, and we know of none.[2] In his petition for appeal appellant prayed that appellees be duly cited and the order of the district judge carried with it the clerk's authority to issue the citation, as well as the sheriff's authority to make proper service thereof. That service could have been made at any time provided appellant or his counsel were not at fault in the delay of the issuance, for, as pointed out in our decision denying the first motion to dis-

---

1. This has reference to the granting of appellant's motion to place the case on the preference docket for early hearing despite the vigorous protest of appellees to the granting of such a motion on March 19, 1957.

2. As a matter of fact, the transcript of appeal had been lodged in the Supreme Court prior to the filing of the first motion to dismiss, and this contention was not then made.

miss, "it is the duty of the clerk of court to issue citations of appeal when they are prayed for and appellant should not be penalized when the clerk failed to perform this mandatory duty. And in all cases where the appellant asks for citation in his petition, the appeal must be sustained even though the citation was not served, unless the record affirmatively discloses that the failure to issue citation is caused by the appellant or his counsel." No such showing has been made in this second motion.

 Moreover, it has been affirmatively shown in this court by the filing of properly certified documents that, subsequent to the filing of the second motion and prior to the date on which that motion was fixed for trial, the required citation was issued and served on appellees. Consequently, the motion must be denied under the mandatory provisions of R.S. 13:4433.[3]

For the reasons assigned, the second motion to dismiss the appeal is denied.

McCALEB, Justice (concurring).

I agree that the so-called second motion to dismiss the appeal is without merit but it is my view that the motion should not even be considered by the Court. The judgment overruling the first motion, which has long since become final, operates, in my opinion, as a bar to any further efforts to have the appeal dismissed. Actually, the so-called second motion to dismiss is nothing more than an attempt to have this Court reconsider its previous decision. This cannot be done, as Section 4 of Rule 12 of the Rules of this Court provides that an application for rehearing will not be considered (even though filed timely) when the judgment of this Court has merely overruled a motion to dismiss an appeal.

98 So.2d 209

**Ray L. CARPENTER**

v.

**S. D. MADDEN et al.**

No. 43527.

Nov. 12, 1957.

---

3. This statute provides that the appellant "before the date on which the motion to dismiss is fixed for trial, may cure and correct any objection, irregularity or in- formality charged or alleged to exist in the motion to dismiss, and if it appears to the appellate court that he has done so, the motion to dismiss shall be denied."