107 So.2d 638

**Philip WARREN, Ben R. Buras, Nick Bubrig, Arthur Udstad and Louis Battistella,**

v.

**Eugene DE ARMAS, Walter J. Blaize, Sr., Ernest A. Hingle, Mrs. Irma Breuille and Fred H. Fitzgerald.**

No. 44314.

Dec. 15, 1958.

Rehearing Denied Jan. 12, 1959.

James David McNeill, New Orleans, for relators.

Sidney W. Provensal, Jr., New Orleans, for plaintiffs.

McCALEB, Justice.

On July 17, 1957 plaintiffs instituted this suit to have defendants (relators herein) enjoined from performing or attempting to perform any of the powers, duties or functions of levee commissioners of the Buras Levee District and from interfering with petitioners in the discharge of their duties as such. Seeking immediate relief under the authority of R.S. 13:4062–4071 (formerly Act 29 of 1924), plaintiffs secured the issuance of a temporary restraining order and a rule nisi for defendants to show cause why a preliminary injunction should not be granted.

Defendants moved timely to dissolve the restraining order and hearing on this motion was consolidated with the rule nisi for a preliminary injunction. Following trial of the rule, the judge issued a preliminary injunction as prayed for upon plaintiffs furnishing a $300 bond conditioned as required by law. Defendants were granted a suspensive appeal from this judgment but the Court of Appeal for the Parish of Orleans subsequently dismissed the appeal

because of the failure of defendants to serve citation of appeal on plaintiffs-appellees. See Warren v. De Armas, La.App., 100 So.2d 529. Defendants' application for a review of that decision was denied by this Court on April 21, 1958.

Subsequently, defendants filed a motion in the district court to have the case heard on its merits. This motion was granted, the court fixing the trial for May 20, 1958. On that day, however, plaintiffs objected to further proceedings in the matter on the ground that the case had already been fully tried on the rule to show cause for a preliminary injunction and that, since counsel for defendants had admitted that they did not intend to adduce any new evidence at the hearing, the previous judgment rendered by the Court constituted a final disposition of all issues.

The judge agreed with plaintiffs and rescinded his order for a trial on the merits. Defendants then applied here for relief and we issued an order for the judge to forthwith proceed with a trial of the merits of the case or show cause in this court on or before November 10, 1958 why he should not do so.

In due time, the judge filed his response in which he set forth that the alternative writ of mandamus should be recalled because defendants have never filed an answer joining issue on the merits and that, even if this court should consider defendants' answer to the rule nisi as an answer to the merits, the case has been fully concluded by the trial and judgment on the rule.

These defenses are likewise stressed by counsel for plaintiffs, who has submitted a brief urging that there is no necessity for another trial as the judgment rendered on the rule nisi was a final disposition of the cause.

■ These contentions are not impressive. Plaintiffs pray in their petition, among other things, that defendants be duly cited to appear and answer and that "in due course that said preliminary injunction be made permanent". In response to the petition, defendants filed various pleadings, including a formal answer setting forth their defenses in detail and prayed that plaintiffs' suit be dismissed at their costs. This answer effectively joined issue with plaintiffs on the rule nisi for a preliminary injunction and on the merits of the case in response to the prayer for the permanent injunction. As there was only one petition asking for interlocutory and permanent relief, a single answer sufficed.

■ The judge's alternative position, that he disposed of the merits of the case on the hearing of the rule nisi for a preliminary injunction, cannot be sustained as it does not reckon the difference between a preliminary and a permanent injunction. R.S. 13:4062–4071 provide the exclusive method by which temporary restraining orders and preliminary writs of injunction

may be summarily obtained. These orders and writs are interlocutory in nature, remaining in effect until further orders of the Court. But a permanent injunction is a final judgment granted only after a trial of the controversy on its merits under rules applicable to other ordinary proceedings. See Lambert v. Lass, La.App., 25 So.2d 913; Drew v. Town of Zwolle, Sabine Parish, 185 La. 867, 171 So. 59; Ridge Park, Inc., v. Police Jury of Jefferson Parish, 210 La. 351, 27 So.2d 128 and Borgnemouth Realty Co. v. Gulf Soap Corporation, 211 La. 255, 29 So.2d 841.

A preliminary injunction issues only upon the furnishing of a bond—whereas a permanent injunction, being a final disposition of the controversy, issues without bond. In the case at bar, the duration of the writ of injunction is restricted by its very terms to further orders of the Court. This contemplates, of course, additional court action—a final decree.

For the foregoing reasons, the order heretofore issued, that the respondent judge proceed forthwith to try this cause and render judgment therein on the merits, is made peremptory at the costs of plaintiffs.

Rehearing Denied Jan. 12, 1959.

James David McNeill, New Orleans, for relators.

Sidney W. Provensal, Jr., New Orleans, for plaintiffs.

