PEOPLES' SAVINGS BANK *vs.* STETSON L. HILL.

Androscoggin.   Opinion December 10, 1888.

*Mortgage. Assignment. Covenant. Damages.*

The defendant holding a mortgage on real estate to secure the mortgagor's note to him, and foreclosure of the same having nearly expired, the mortgagor arranged with the plaintiff bank to furnish him money on a new mortgage to pay the defendant with. It was suggested by an attorney of the bank, as defendant was about to receive the money, that instead of making a new mortgage, the mortgagor give a note to the bank for the money and the defendant assign his mortgage to the bank, for them to hold as collateral security for the new note, which was done, thoughtlessly on the part of the defendant. In the assignment was inserted a clause by which the defendant covenanted that there was no incumbrance on his mortgage and that he had a right to sell and convey. It seems that some years previous to the assignment the defendant had released a portion of the mortgaged premises to the mortgagor, a transaction not remembered when the

assignment was made. At the date of the assignment September, 1882, the property remaining held under the mortgage was worth several hundred dollars more than the money advanced by the bank, but when the bank sold the property, after foreclosure by them, in June, 1887, it was worth as many hundred dollars less, and several hundred dollars are now due the bank on the note.

*Held*, on these facts, that the covenant was broken the instant it was made, that the bank stood evicted of the released portions of the mortgaged premises as soon as the assignment was delivered, and that in this action, commenced in 1887, by the bank on the covenant, no more than nominal damages are recoverable.

REPORT, on facts agreed.

This was an action of covenant broken. August 29, 1878, one William F. Hilton mortgaged land in Lewiston and Greene to the defendant. April 7, 1879, the defendant released the parcel in Greene to Hilton, by a quitclaim deed, which was that day duly recorded. September 6, 1881, the defendant entered the premises in Lewiston, for the purpose of foreclosure. On September 5, 1882, the defendant transferred the note without recourse to the plaintiff bank, and assigned the mortgage to it. In the assignment, he covenanted with the bank that "the within mortgage is free of all incumbrance" and that he had "good right and lawful authority to dispose of the same in manner aforesaid."

The officers of the bank then believed that said mortgage security embraced all the land described in the mortgage, and made the loan with this belief to Hilton, who had arranged for the money previously, with the bank, to take up the mortgage, giving the bank his own note, but without defendant's knowledge.

If the action was not maintainable, or if maintainable for only nominal damages, the court were to render such judgment as the law and the facts require; otherwise to stand for assessment of damages.

*Savage and Oaks*, for plaintiff.

Hill knew at the time he assigned the mortgage and made the assignment that the bank was relying upon the mortgage and his covenant as security for Hilton's note. Although the release from Hill to Hilton of the land in Greene was on record, the bank did not know it, and believed when they took the mortgage that they were taking security on all the land described in it.

The plaintiff is not chargeable with constructive notice of the release of the land in Greene. It was held in *Suydam* v. *Jones*, 10 Wend. 180, that where land was conveyed subject to mortgage with covenants, that an agreement that the covenant should not extend to the mortgage was inadmissible in an action on the covenants by the assignee of the covenantee; and that constructive notice of the existence of incumbrance, derived from the registry of the mortgage, does not affect the assignee's right to recover.

If the bank had knowledge of defendant's want of title, still if he chose to covenant with the bank, for the sake of getting his money due on the mortgage, that knowledge would be no defense to this action.

Parol evidence that plaintiff had knowledge of the lack of title is inadmissible. *Townsend* v. *Weld*, 8 Mass. 147; *Harlow* v. *Thomas*, 15 Pick. 66; *Estabrook* v. *Smith*, 6 Gray, 572.

This case does not seem to come within the analogy of any line of cases held by the courts to entitle plaintiffs to nominal damages only, for breach of covenants. This is not a contract to sell land or to sell a mortgage; but it is the sale itself. It is not executory; it is executed. So that the line of cases which hold that where the vendor in executory contracts, acting in good faith, declines or refuses to complete his contract is not liable, is not applicable to this case. In fact, that rule is not the law in Maine, nor has it been adopted by the supreme court of the U. S.

The basis of the rule laid down seems to be that of compensation. Just what particular rule is applicable to this case it is not necessary now to discuss. The only question involved is whether the plaintiff shall be entitled to any substantial damages. Why should it not be? It is true that at the time the bank received the security, that portion of it which was in Lewiston was worth $4,000, while the loan amounted to only $3,449.47. But it is well known that the trustees of banks in the exercise of good judgment, protecting the interest of depositors, require and ought to require a security of considerably greater value than the loan. We think that the ordinary rule in savings banks in this state is to loan not exceeding sixty per cent. of the value of real estate

secured. If this be a fair rule, it will be seen that the security afforded by the mortgage if it had all belonged to the defendant at the time would have been none too great.

Mr. Hill having covenanted with the bank that he owned the entire property described in the mortgage, they were under no obligations to him either to hold or to dispose of any part of the property any sooner than their convenience required. They did hold it until 1887. They then learned for the first time that the defendant had no title to the Greene property. This was after they had entered upon the land for the purpose of foreclosure. In the mean time the Lewiston property had become diminished in value, so that it was sold for $3,400, which is agreed to have been a fair price for the same at the time of sale. But at that time the amount due the bank was over $4,000. There is no allegation, no pretence that the bank have acted otherwise than in good faith. Had they known that the defendant's covenant was not true, undoubtedly they would not have held the security in Lewiston until it diminished to so low a value as $3,400. They have lost $600, because they were relying upon the defendant's covenant that he was giving them a good mortgage title to the land in Greene.

That being the case they have suffered damage, more than nominal damage ; and we see no reason why the actual damage should not be ascertained and awarded to the plaintiff.

*N. and J. A. Morrill*, for defendant.

The question whether the defendant has made himself responsible under his covenants, is to be determined by the construction of the covenant. The court will require clear evidence that such was the intention of the parties. The transaction was of no advantage to the defendant, who was simply receiving his money on a mortgage perfectly secured, almost foreclosed, and executing the assignment "solely at the request of" the attorney of the bank "made without previous arrangement, or any negotiations with the bank officers" and at the same time indorsed the note "without recourse."

Covenants are to be considered according to their spirit and

intent. *Quackenboss* v. *Lansing*, 6 Johns. 49; *Ludlow* v. *McCrea*, 1 Wend. 228.

In construing a covenant, "the whole covenant, with its context, is to be taken into consideration; and that is to be considered the covenant, which, from such consideration, appears to have been the true intent and meaning of the parties." *Marvin* v. *Stone*, 2 Cow. 781.

"The inquiry always is, what was the intention of the parties." *Bull* v. *Follett*, 5 Cow. 170.

So in this state, the court has adopted "the more sensible rule of construction, which is in all cases to effect the intention of the parties if practicable, when no principle of law is thereby violated." *Pike* v. *Munroe*, 36 Maine, 315; *Bates* v. *Foster*, 59 Maine, 160.

It is also well settled, that the covenants in a deed are qualified and limited by the grant, and cannot enlarge it. *Coe* v. *Persons Unknown*, 43 Maine, 432.

So, where A conveyed by deed, all his right, title and interest in and to certain real estate described by metes and bounds, courses and distances, with the usual covenants of seizin and warranty, it was held, that the covenants were limited to the estate and interest of A in the granted premises, and were not general covenants, extending to the whole parcel described in the deed. *Sweet* v. *Brown*, 12 Met. 175; *Allen* v. *Holton*, 20 Pick. 458.

So, in the defendant's deed of warranty immediately succeeding a description of the premises by metes and bounds, was the clause, "and meaning hereby to convey to the said" grantee "the same premises and title as conveyed to me by Daniel Witham, and no more;" and the title conveyed to the defendant was an equity of redemption; held, that the defendant's deed conveyed an equity of redemption only. *Bates* v. *Foster*, 59 Maine, 157.

In *Allen* v. *Holton*, 20 Pick. *supra*, on p. 464, it is said, "We think the intention as to the extent of the grant in the present case is sufficiently plain. The grantor conveys his own title only, and all the subsequent covenants have reference to the grant, and are qualified and limited by it. That this was the intention

of the parties cannot, we think, be reasonably doubted, and the words of the covenants are to be so construed as to effectuate that intention."

So if the grantor conveys only his right, title and interest in the premises, he is not liable upon his covenants of warranty, against persons claiming title under him, though he had previously conveyed the land to another. *Ballard* v. *Child*, 46 Maine, 152.

Applying these principles to this case, the decision must turn upon the construction of the words "within mortgage and note secured hereby" as used in the deed of assignment. The parties could have intended by those words nothing more than the security then existing. The mortgage at that date was the conditional conveyance of the Lewiston land only, and the note was secured by that land, and not by the Greene land.

It is inconceivable that the defendant should have had any other intention, when he had himself released the Greene land; had he or the attorney of the bank intended to include the Greene land in the operation of the covenant, it would have been stated that the mortgage was in full force on the within described premises and in no part released or discharged; such a covenant, or one similar, would bear the construction claimed by the plaintiff.

But the bank cannot now be permitted to say that it relied on all the parcels of land, when the record showed, and had showed for almost three years and a half, that the Greene land had been released. That would recognize a too palpable neglect of duty on the part of the bank officers.

The construction which we contend for is the same placed by the court in Mass. upon a deed of assignment in which the court, said, "We are all of the opinion that the intention of both parties to the assignment, as manifested by the terms in which it is expressed, was to convey the tenant's mortgage title only." *Merritt* v. *Harris*, 102 Mass. 327.

And the defendant's mortgage title, in the case at bar, attached to the Lewiston land only, at the date of the assignment, and it was to that alone that the covenants applied.

If this is the true construction, there has been no breach of the covenants and judgment must be rendered for the defendant.

Assuming the plaintiff's position to be correct, he can recover only nominal damages.

The case shows that May 1, 1886, the bank by its attorney took possession of all the premises described in the mortgage deed; and for anything that appears, the bank is still in possession of the Greene land. It has not been evicted, nor has it surrendered its possession; there has been no disturbance of its possession; no person has asserted a paramount title, nor has the bank paid anything to remove the incumbrance.

Under such circumstances only nominal damages can be recovered for a breach of the covenant against incumbrances. *Copeland* v. *Copeland,* 30 Maine, 446; *Stowell* v. *Bennett,* 34 Maine, 422; *Reed* v. *Pierce,* 36 Maine, 455.

Further, as the plaintiff had notice from the record that the Greene land had been released, and was at least put on inquiry as to that fact by the certificate of foreclosure indorsed on the back of the mortgage, the result arrived at in *Leland* v. *Stone,* 10 Mass. 459, cited with approval in *Ballard* v. *Child, supra,* would be proper.

But for the reasons given above, and adopted in the Maine case last cited, the plaintiff must fail to recover even nominal damages.

PETERS, C. J. The facts in this case are such as would rarely happen. It appears, that the defendant held a mortgage of several parcels of land given by William F. Hilton to secure his note to the defendant, and that, a foreclosure of the mortgage being about to become absolute, Hilton arranged with the plaintiffs to furnish money with which to pay the mortgage and save a forfeiture; that the defendant was notified by Hilton to meet him at the office of the attorney for the plaintiffs to receive the money due on the mortgage; that after getting there the arrangement was suggested by the attorney, which was conformed to, that Hilton should give his own note to the plaintiffs for the money advanced to him by them, and that the defendant should assign the mortgage to them, which they would hold as collateral security for their note against Hilton; that in the assignment,

drawn by the attorney, which was not at all for the convenience or benefit of the defendant, who was entitled to receive the amount due on the mortgage for a naked discharge of it, was inserted a clause as follows : "and I hereby covenant with said Peoples' Savings Bank that the within mortgage is free from all incumbrances, and that I have good right and lawful authority to dispose of the same in manner aforesaid;" that several years prior to that time the defendant had released to Hilton some minor portions of the mortgaged property by deed duly recorded, but that the fact was not known by the bank and was not remembered at the time of the assignment by the other parties; that the bank (the plaintiffs) finally foreclosed the mortgage, making the remaining property covered by it absolutely their own, in June 1887; that they then sold the foreclosed property for $3400.00, admitted to be its fair value at that time, although worth at the date of the assignment, September 5, 1882, the sum of $4000.00, which was about five hundred and fifty dollars more than the sum then advanced; and that the sum at the date of the writ due the bank on the mortgage was $4013.28.

On these facts the plaintiffs claim to recover about six hundred dollars as actual damages upon the defendant's covenants in the assignment, while the defendant contends that, if any damages are recoverable, they cannot be more than nominal.

That the defendant was accidentally caught in an assignment which he did not suppose he was making, there can be no doubt. And the attorney who advised or dictated the transaction had not himself any idea that he was imposing a form of transfer which would be injurious to the defendant.   It is well nigh a case where equity would interpose relief for the defendant, and the law should construe the facts in his behalf as generously as its principles can reasonably allow.

The incumbrance which the defendant covenanted against was an absolute disposal of a portion of the mortgaged property. The grantee of it was then in full and exclusive possession.   It was not an incumbrance that could be paid off, or that was redeemable.   The plaintiffs stood evicted the moment the assignment was delivered to them.   The covenant was broken the

instant it was made. This is clear from the authorities. *Curtis* v. *Deering*, 12 Maine, 499; *Smith* v. *Strong*, 14 Pick. 128. A suit could then have been instituted for the damages. The mortgaged property then greatly exceeded in value the sum due on the mortgage. At the same time other property of the principal debtor was open to attachment by the bank.

The defendant received no actual consideration for binding himself to covenants. In fact, he received nothing from the bank. He received the money from Hilton. The bank loaned it to Hilton. The mortgage was taken as collateral security, not for the defendant's but for Hilton's debt. Had the defendant made a sale of his mortgage outright to the bank, a more rigid rule might prevail against him. But the bank did not take it as an absolute purchase either from the defendant or Hilton. They in form took it from the defendant, but in reality from Hilton through the defendant.

In the anomalous circumstances of the case, we think the plaintiffs must be satisfied with nominal damages.

*Defendant defaulted for one dollar.*

WALTON, DANFORTH, VIRGIN, EMERY and HASKELL, JJ., concurred.