OVERTON, J.
The defendant and appellee lias filed a motion to dismiss this appeal upon the ground that the judgment appealed from was rendered and signed at one term of court and the appeal moved for and obtained at a different term, and without citation directed to it. After the motion to dismiss was filed, appellant filed a motion in this court to withdraw the appeal. Upon this motion, a rule was issued against the appellee to show cause why the appellant should not be permitted to withdraw the appeal. In answer to this rule, the defendant protests against its withdrawal, and insists upon the motion to dismiss.
It appears to be conceded that the judgment was signed at one term and that the appeal was taken at a different term. It also appears that the transcripit of appeal was transmitted to this court and filed here before the motion was made to withdraw. It further appears that no citation ■ of appeal was prayed for, and that none issued.
[1] The appellant, however, contends that, until the appellee has been cited to answer the appeal, it may be withdrawn without the consent of the appellee. In the lower court, before the transmission of the transcript to this court, this may be done, for article 595 of the Code ■ of Practice provides:
“But if the appellant wishes to withdraw his appeal before he has cited the appellee, he maybe allowed to do so, on motion to the lower court; and in such case he may renew his appeal within the time herein above allowed. [White v. Maguire, 16 A. 337.]”
The right to withdraw the axipeal, in the lower court, however, is lost by the transmission of the transcript here. After such transmission, the axxpellant cannot withdraw the appeal, without the consent of the appellee, notwithstanding there was no citation, for article 991 of the Code of Practice provides that—
“When the Supreme Court once has jurisdiction of the appeal, whether by transmission of the record or by that of the citation served on the appellee, it cannot, in any ease, i>ermit the appellant to withdraw his appeal, without the consent of the appellee, and the cause shall take its course, whether the appellant make default or not.”
Therefore, as the appellant has transmitted the transcript to this court, it has lost the right to withdraw the appeal, without the consent of the aijpellee, although the ax>peal is defective, for want of citation. Hence the motion to withdraw is denied.
[2, 3] The next question that presents itself for determination is whether appellee’s motion to dismiss should be maintained. Ax> pellant claims that it should not, for the reason that it would be useless to dismiss it, as he may renew the appeal, and relies largely, to support its contention, upon the case of Phelan v. Wilson, 114 La. 820, 38 South. 570. In that casé, however, it -was doubtful as to whether the appellant had waived citation of appeal, and the court, after stating the facts, decided the point upon the theory that, when it is doubtful as to whether an axipeal should be dismissed, the doubt will be resolved by maintaining it. It is true that the court also says it would serve no useful purpose to dismiss the *971 appeal, as it could be renewed, but tbe' decision does not rest on that statement. In tbe case at bar, there is no question as to a waiver of citation; and no doubt as to whether tbe appeal should be maintained or dismissed; and hence the decision cited is not applicable.
While it may be true that the appeal may be renewed in this case, still that would not justify us in refusing to dismiss it. The appellee is entitled to citation before it can be condemned. It is insisting upon this right; and the only way we can secure the right, in view of the fact that there has been no prayer for citation, is to dismiss the appeal. Where there is no prayer for citation, and none issued, the fault is imputable to the appellant; and a motion to dismiss, upon that ground, will be maintained. Bolling, Undertutor, v. Anderson, 10 La. Ann. 650; Potier v. Thibodeau, 21 La. Ann. 618; St. Romes v. Macarty, 21 La. Ann. 277; Schmitt v. Drouet & Rabasse, 42 La. Ann. 1064, 8 South. 396, 21 Am. St. Rep. 408.
[4] Appellant asks that, in the event we should dismiss the appeal, the right to renew it be reserved. This is unnecessary. Whatever right the appellant may have, in this respect, exists independently of such reservation. It may be that, if a second appeal should be taken within the year, no question will be raised concerning it; or it may be that other questions concerning the right to the appeal may be presented of which we now know nothing.
For the reasons assigned, it is ordered, adjudged, and decreed that the motion to withdraw be denied; and, that this appeal be dismissed.
O’NIELL, «T., dissents, being of the opinion that, under section 1907 ,of the Revised Statutes, appellant is entitled to have an opportunity to have citation of appeal served upon appellee.