(118 So. 864)

No. 29338.

**DUCRE et al. v. SUCCESSION OF DUCRE.**

Oct. 29, 1928. Rehearing Denied Nov. 26, 1928.

Hiddleston Kenner, of New Orleans, for appellants.

Miller & Heintz, of Covington, and Sidney W. Provensal, of New Orleans, for appellee.

OVERTON, J. Plaintiff obtained in chambers an order for appeals, both suspensive and devolutive, from a judgment rejecting their demand to set aside an order admitting to probate the last will and testament of Calixte P. Ducre. In applying for the ap-

peals, it does not appear that plaintiffs asked for an order directing the service of citations of appeal on the appellees, who, it seems, are the widow of the testator and one Jules Bagur, and no order to that effect was signed. Nor does it appear that plaintiffs directed the clerk to issue citation. Consequently no citations of appeal have been issued and served, and the appellees have moved to dismiss the appeal because of the failure to cite them.

■ The order of appeal having been obtained in chambers, the appellees are entitled to citation. Plaintiffs not having asked in the court below that the appellees be cited to answer the appeal, the failure to cite them is not attributable to the clerk and sheriff, but to the appellants themselves. Therefore the appeal is not saved by section 36 of the Revised Statutes, but must be dismissed, for when, by the appellant's fault, the appellees have not been cited, a motion to dismiss the appeal must prevail. Schmitt v. Drouet & Rabasse, 42 La. Ann. 716, 7 So. 746; McCutchen v. Hudson, 132 La. 177, 61 So. 157; Smith v. O'Reilly Elevator Co., Limited, 134 La. 635, 64 So. 494; Succession of Morris, 136 La. 69, 66 So. 542; King v. First Methodist Church, 137 La. 879, 69 So. 593; State v. Salmen Brick & Lumber Co., 149 La. 968, 90 So. 273; Investors' Mortgage Co. v. Aleman, 165 La. 104, 115 So. 383.

■ Before closing it may be said plaintiffs contend that the appeal was granted in open court, but this contention is not supported by the record. The minutes of court do not show that the order was moved for and granted in open court, nor do they make any mention of an appeal at all. Moreover, the order itself, which is signed by the judge, indicates upon its face that it was granted in chambers by failing to disclose that it was granted in open court. In addition to the foregoing, it appears from the certificate of the clerk of court, filed in the record, that court was not in session the day the appeal was granted. Hence, under the ruling in Washburn v. Frank, 31 La. Ann. 428, relied upon by plaintiff, it is impossible to presume that the appeal was granted in open court, assuming that it is proper to indulge in such a presumption.

■ In this connection it may be also said that plaintiffs contend that, because the appellees in their motion to dismiss aver that the appeal was not obtained in open court, they have thereby waived the right to object to the want of citation. The basis of this contention is that, by so averring, the appellees have appeared for a purpose other than to except to the want of citation. This contention is not well founded. The averment made by appellees is made by them for the purpose of showing the necessity for citation, for citation is not necessary when the appeal is moved for and granted in open court at the same term at which the judgment is rendered, for the appellee is presumed to be present in court at that time, and is therefore charged with notice of the appeal.

For the foregoing reasons, the appeal herein is dismissed, reserving to appellants such rights as they may have to take another appeal, if they see proper to do so.

O'NIELL, C. J., dissents on the ground that it was the ministerial duty of the clerk of the district court to issue a citation of appeal.