### TREGRE et al. v. KRATZER et al.
### No. 1053.

Court of Appeal of Louisiana. First Circuit.
Dec. 6, 1932.

Spearing & McConnell, of New Orleans, and LeDoux Provosty, of Alexandria, for appellants.

Schwing & Obier and Jos. Nicolosi, all of Plaquemine, for appellees.

On Motion to Dismiss Appeal.

LE BLANC, J.

On January 12, 1932, judgment was rendered and signed in open court in this cause, sustaining exceptions of no cause or right of action on the part of each defendant, and dismissing plaintiffs' suit at their costs. On April 19, 1932, the plaintiffs, by a petition presented to him, obtained from the district judge, an order signed at chambers granting them a devolutive appeal returnable to this court on May 6, 1932. The petition for the order of appeal did not pray for citation of appeal, neither did any issue.

■■ The defendants, appellees, have each filed a separate motion to dismiss on the ground that they were not served with a copy of the petition nor were they cited to appear and answer the appeal, and they each allege in their respective motions that they had no knowledge that an appeal had been taken until a copy of the docket had been received by them from the clerk of this court, showing that the case had been fixed for argument for October 3, 1932. Nothing indicates anything to the contrary. In fact, our recollection is that counsel for plaintiffs, in open court, admitted all that was alleged in the motion, requesting, however, that their appeal be not dismissed but that they be given further time in which to have citation of appeal issued. They have filed no written motion to that effect, however, and this court will not act on their mere verbal request. However, even though we were disposed to act upon it, we would feel constrained to deny the request as the failure to have prayed for citation of appeal is a fault that was attributable to appellant and not to the clerk of court or the sheriff. Under such circumstances, the appeal is not saved by section 36 of the Revised Statutes and the appellees' right to have the appeal dismissed, when he insists on it, is not to be denied. In the case of State v. Salmen Brick & Lumber Co., 149 La. 968, 90 So. 273, 274, the court was being urged not to dismiss the appeal by the appellant for the reason that it would be useless as it could be renewed. To support that contention, appellant cited the case of Phelan v. Wilson, 114 La. 820, 38 So. 570. The court readily drew the distinction between that case and the one it had before it for consideration, in which we might state the situation was exactly the

same as in this case, and, it added: "While it may be true 'that the appeal may be renewed in this case, still that would not justify us in refusing to dismiss it. The appellee is entitled to citation before it can be condemned. It is insisting upon this right; and the only way we can secure the right, in view of the fact that there has been no prayer for citation, is to dismiss the appeal. Where there is no prayer for citation, and none issued, the fault is imputable to the appellant; and a motion to dismiss, upon that ground, will be maintained. Bolling, Under Tutor v. Anderson, 10 La. Ann. 650; Potier v. Thibodeau, 21 La. Ann. 618; De St. Romes v. Macarty, 21 La. Ann. 277; Schmitt v. Drouet & Rabasse, 42 La. Ann. 1064, 8 So. 396, 21 Am. St. Rep. 408."

See, also, Investors' Mortgage Co., Inc., v. Aleman et al., 165 La. 104, 115 So. 383; Ducre et al. v. Succession of Ducre, 167 La. 133, 118 So. 864.

It is, for the foregoing reasons, therefore ordered that the motion to dismiss be and the same is hereby sustained, and it is further ordered that the appeal herein be, and the same is, hereby dismissed at the appellants' costs.