ODOM, Justice.
 

 Judgment rejecting plaintiff’s demands was rendered on November 27, 1936, and signed on December 3, following. No motion or petition for appeal was made in open court. But on January 14, 1937, more than 30 days later, plaintiff presented to the judge at chambers a petition reciting:
 

 “That he was the plaintiff in the above numbered and entitled suit; and that he is aggrieved by fhe judgment rendered herein on the 27th day of November 1936, and signed on the 3rd day of December 1936; and that he desires to appeal same devolutively to the Supreme Court of Louisiana.”
 

 He further alleged that he was unable to pay the costs of the appeal or to furnish bond for the same, and that he desired to appeal under the provisions of Act No. 156 of 1912, as amended. The prayer, of his petition reads as follows:
 

 “Wherefore, petitioner prays that he be allowed to file this appeal under the provisions of Act No. 156 of 1912 and as amended.
 

 “And for all general and equitable relief, etc.”
 

 After considering the petition and the prayer,- the court signed the following order:
 

 “It Is Ordered, that Wilfred Harding be allowed a devolutive appeal in the above numbered and entitled cause, returnable to the Supreme Court of Louisiana on the day of March 3, 1937 without the necessity of furnishing bond or of paying costs or as they accrue, all in accordance with the provisions of Act No. 156 of 1912 and as amended.”
 

 The petition and the order were filed with the clerk on January 14, but no service or citation was made on the defendant.
 

 The identical situation was presented to this court in the case of Ducre et al. v. Succession of Ducre, 167 La. 133, 118 So. 864, where this court said:
 

 “The order of appeal having been obtained in chambers, the appellees are entitled to citation. Plaintiffs not having asked .in th^e court below that the appellees be cited to answer the appeal, the failure to cite them is not attributable to the clerk and sheriff, but to the appellants themselves.
 
 *135
 
 Therefore the appeal is not saved by section 36 of the Revised Statutes, but must be dismissed, for when, by the appellant’s fault, the appellees have not been cited,, a motion to dismiss the appeal must prevail.”
 

 In support of the court’s ruling, it cited some seven or eight cases.
 

 It would subserve no useful purpose to review the rulings made in the cited cases or to refer to the articles of the Code of Practice which prescribe the rules relating to appeals. It suffices to say that the jurisprudence is settled to the effect that, where no motion or petition for appeal is made or presented in open court during the same term, and where appeal is applied for by petition presented at chambers, and where appellant does not pray for citation and - none is made, the appeal must be dismissed.
 

 Counsel for appellant, in its brief in opposition to the, motion to dismiss, cites the recent case of Richards et al. v. Horecky, 173 La. 411, 137 So. 198. But that case has no application here. There, as here, plaintiff’s suit was dismissed, and by motion he asked for a devolutive appeal to this court. The court granted a devolutive appeal and ordered “that a copy of this motion and order be served on the defendant Conrad Horecky.” That order was granted at chambers and filed with the clerk, who issued a citation of appeal addressed to the defendant. Certified copies of this citation, the motion and order of appeal were delivered to the sheriff for service and were served according to law.
 

 The defendant moved to dismiss the appeal-on the ground that “there is nothing in the order authorizing a citation to issue to him and that the said citation so issued was ultra petitionem and was null and of no effect and the said appeal should be therefore dismissed.”
 

 We refused to dismiss the appeal, saying:
 

 “It was not necessary for the court, in specific terms, to order that citation issue to-defendant. All the court was called upon to do was to grant the order of appeal, and fix the amount of the bond.”
 

 Counsel for appellant, in his brief in opposition to the motion, to dismiss, quotes the above paragraph from the opinion in the Horecky Case in support of his argument that it is not'necessary, for the appellant in his petition for appeal to pray for citation and not necessary for the judge to order that citation be made. He seems to think that the court intended to overrule all such cases as Ducre et al. v. Succession of Ducre, supra.
 

 Counsel is mistaken. In the Horecky Case the court ordered that a copy of the motion for appeal and the order granting it “be served on the defendant Conrad Horecky.” What we meant by saying that it was not necessary for the court “in specific terms” to order that citation issue to defendant was that, in a case like that, where the court ordered that the petition for and the order granting the appeal be served on the defendant, it was not necessary for the court to specify that citation should issue.
 

 Counsel also cited in support of his opposition to the dismissal the following cases :
 
 *137
 
 State v. Judges of Court of Appeals, 37 La.Ann. 395; Sanders v. Edwards, 29 La.Ann. 696; Randolph v. Sentilles, 110 La. 419, 34 So. 587, and General Securities Company v. Odom, 11 La.App. 301, 123 So. 392.
 

 These cases are not in point. In the first-cited case, the ground for the motion to dismiss was that the clerk had failed to send up the entire record. It was held by this court that it was not appellant’s fault that the record was not Complete, the law requiring that the clerk send up the entire record. In each of the other cases, the motion for the appeal was made in open court at the same tern).
 

 For the reasons assigned, this appeal is dismissed.