**86 So.2d 64**

**E. L. RESWEBER**

v.

**Robert A. JACOB et al.**

No. 42720.

Feb. 20, 1956.

Mestayer & Mestayer, New Iberia, for opponent and appellant.

Helm, Simon & Gordy, by Lawrence Simon, New Iberia, for defendant in reconvention-appellee.

McCALEB, Justice.

This is an appeal from a judgment dismissing a reconventional demand. The judgment was rendered and signed in open court in the Parish of St. Martin on September 6, 1955 and, on October 21, 1955, appellants presented to the Judge in his chambers at New Iberia, a motion for an appeal which was granted. Citation was neither prayed for nor issued. Because of lack of citation and service, appellee now moves for the dismissal of the appeal.

■■ The motion is well founded. Citation of the appellee is essential to the appeal unless the motion or petition is presented in open court during the same term at which the judgment was rendered. Article 574, Code of Practice. When, as here, the appeal is applied for by motion presented in chambers and the appellant does not pray for or otherwise request issuance and service of citation and no service is made, the appeal must be dismissed. State v. Salmen Brick & Lumber Co., 149 La. 968, 90 So. 273; Ducre v. Succession of Ducre, 167 La. 133, 118 So. 864; Harding v. Hackney, 189 La. 132, 179 So. 58 and Bascle v. Perez, 224 La. 1014, 71 So.2d 551.

■ In opposing the motion, appellants primarily assert that dismissal of the appeal would accomplish nothing other than a delay in proceedings and expenditure of additional costs, as they have until September 6, 1956, to take another devolutive appeal.

The point is without merit. That a new appeal may be requested and granted furnishes no reason to deny appellee the right under the law and jurisprudence to have this appeal dismissed.

Alternatively, appellants maintain that they should be permitted to withdraw the appeal in view of Articles 595 and 901 of the Code of Practice.

■ Article 595 is without application as it pertains to the withdrawal of an appeal on motion made in the lower court while that court still has jurisdiction. And Article 901 is not authority for the withdrawal of the appeal once it has been lodged in this Court as it provides that the Court

cannot "in any case" permit the withdrawal of the appeal "without the consent of the appellee". See State v. Salmen Brick & Lumber Co., where the identical contention was made by appellant and rejected by the Court.

█ As a final alternative, appellants request that their right to renew the appeal be reserved in the judgment of dismissal. As precedent therefor, counsel cite Ducre v. Succession of Ducre, supra, and two cases, Jackson v. Martin, 58 So.2d 248 and Robertson v. Isacks, 71 So.2d 361, of the Court of Appeal, First Circuit.

While it appears that appellants in the cited cases were reserved the right of perfecting other appeals, we think that the course adopted by the Court in State v. Salmen Brick & Lumber Co., supra, is more appropriate. There, in answer to a similar request, the Court said [149 La. 968, 90 So. 274]:

"* * * This is unnecessary. Whatever right the appellant may have, in this respect, exists independently of such reservation. It may be that, if a second appeal should be taken within the year, no question will be raised concerning it; or it may be that other questions concerning the right to the appeal may be presented of which we now know nothing."

Appellants' motion to withdraw the appeal is denied and the appeal is forthwith dismissed.