PER CURIAM.
The plaintiff’s suit by which she sought recovery of workmen’s compensation, was dismissed after trial on the merits, and from the judgment plaintiff attempted to perfect a devolutive appeal.
Appellees move to dismiss the appeal on the ground that appellant did not pray for or otherwise request issuance of a citation of appeal, nor was citation of appeal served on appellees.
The judgment was rendered on April 21, 1955, and signed on April 27, 1955; plaintiff moved for a devolutive appeal on April 26, 1956, which was at a subsequent and different term of court, and on that date the order of appeal was signed by the judge in chamber's. No citation of appeal was prayed for nor was any ever issued and served on appellees. The appeal must be dismissed. In Resweber v. Jacob, 229 La. 355, 86 So.2d 64, 65, the Supreme Court said:
“ * * * Citation of the appellee is essential to the appeal unless the motion or petition is presented in open court during the same term at which the judgment was rendered. Article 574, Code of Practice. When, as here, the appeal is applied for by motion presented in chambers and the appellant does not pray for or otherwise request issuance and service of citation and no service is made, the appeal must be dismissed. State v. Salmen Brick & Lumber Co., 149 La. 968, 90 So. 273; Ducre v. Succession of Ducre, 167 La. 133, 118 So. 864; Harding v. Hackney, 189 La. 132, 179 So. 58 and Basele v. Perez, 224 La. 1014, 71 So.2d 551.”
We agree with appellant’s counsel that the court shall not be bound by technical rules of evidence or procedure, LSA-R.S. 23:1317, but such provision of the statute does not dispense with the necessity *398 of citation of appeal, C.P. arts. 581-584, in an appeal in a workmen’s compensation case.
It is therefore ordered that plaintiff’s appeal be dismissed.
Motion sustained: appeal dismissed.