JANVIER, Judge.
This matter comes before us on motion of plaintiffs-appellees to dismiss the appeal on the ground that, although the judgment was rendered during vacation of the Court and the appeal was also taken during vacation, appellants did not cite appellees either in person or through their proper attorney of record.
In answer to the motion to dismiss the appeal, counsel for appellants state that *530 the petition for appeal prayed for “citation of appeal on the plaintiffs, appellees, through their attorney of record” and that the Judge issued an order requiring that the “Clerk of this court prepare a citation of appeal to be served on the plaintiffs, ap-pellees, herein through their attorney of record * * * ”, and that the District Judge “further ordered that the Sheriff of Plaquemines Parish be ordered to serve this citation of appeal prepared by the Clerk of this court, on the plaintiffs, appellees, herein, through their attorney of record.”
The intimation contained in this statement of counsel for defendants-appellants is that, if the citation was improperly prepared and not properly served on appellees or on their proper attorney of record, the error is chargeable to the Clerk of Court. And counsel for appellants further suggest that, if the appellees were not properly served either in person or through their proper attorney of record, “ * * * a reasonable delay should be granted for making service.”
The two questions of fact presented are, first, whether or not L. H. Perez, to whom, as attorney of record, the citations to the appellees were directed, was in fact attorney of record, and, second, whether if he was not attorney of record, the error of directing the citations to him was an error of the Clerk of Court.
If there was error in directing the citations to the several appellees through L. H. Perez, as attorney of record, the error is definitely not chargeable to the Clerk of Court. It is chargeable solely to counsel for appellants. The record shows plainly that, in the petition for appeal, appellants prayed “that a citation of appeal issue herein by the Clerk of this Court to the plaintiffs herein, through their attorney of record L. H. Perez.” It thus appears that, though counsel for appellants, in their answer to the motion to dismiss the appeal, say that they prayed only that the citation be directed to the appellees “through their attorney of record,” as a matter of fact they actually designated L. H. Perez as the attorney of record to whom the citations should be directed and on whom they should be served.
We now consider the question of whether L. H. Perez was or is attorney of record for the several appellees. The name of Mr. Perez does not appear in any of the pleadings, nor in any other document on file in this voluminous record. However counsel for appellants seek to convince us that Mr. Perez was, in fact, one of the attorneys of record for appellees, and they point to the following excerpt from the transcript which depicts an occurrence during the course of the trial.
“Mr. Dowling: Of course, we are going to object. If Judge Perez is going to take part, I say he ought to be seated at the Counsel table and make him counsel of record, otherwise he shouldn’t take part in these proceedings.
“The Court: The Court will overrule the objection.
“Mr. Dowling: I would like to have that made note of.
“The Court: Let it be noted.”
We cannot be convinced that this momentary controversy between counsel for the defendants-appellants and Mr. Perez, who obviously was present in the courtroom, indicates that Mr. Perez was, or was considered by the District Judge, as one of the attorneys of record for appellees.
We have carefully searched this record to ascertain whether, at any other time, Mr. Perez did or said anything which would indicate that he appeared as attorney of record for any of the appellees, and we find nothing which would so indicate. Surely if there were anything in the record other than that already quoted, counsel for appellants would have directed our attention to it.
*531 If Mr. Perez was not attorney of record for appellees, then there was no proper citation issued to the appellees.
Prior to the year 1918, where a citation of appeal was necessary, Articles 581 and 582 of our Code of Practice required that the citation be directed to and served upon the appellee. In 1918, by Act 179, in subsection (16) of Section 1, it was provided that where the defendant has appeared, through counsel, certain citations which might be necessary might be served through such attorney of record.
In Adams v. Ross Amusement Company, 182 La. 252, 253, 161 So. 601, 602, the Supreme Court considered this section of the Act of 1918 and made the following statement :
“ * * * the mode of service provided for in subsection 16, being in derogation of the general law with reference to the regular methods authorized, the new method should be limited to cases clearly provided for in the statute.”
In 1938 a new statute was enacted — No. 120 — and again it w.as provided that, where parties have appeared through counsel, service in most instances might be made on that counsel as the “attorney of record.”
The Court of Appeal for the Second Circuit considered the question again after the enactment of the statute of 1938, and in Chamberlain v. Bruce Furniture Co., La.App., 35 So.2d 257, 259, though failing to cite Adams v. Ross Amusement Co., supra, said:
“As pointed out in the case of Fidelity & Casualty Company of New York v. General Motors Acceptance Corporation, La.App., 152 So. 692, 693, the law upon which defendants rely in this case is ‘in derogation of the usual methods of service (and) its effects should be limited to cases coming clearly under it.’ ”
In Sewerage & Water Board of New Orleans v. The Cumulus, 172 F.2d 102, 106, the United States Court of Appeals for the Fifth Circuit considered the question of whether a defendant, who appears through counsel to bond property attached, may be later cited through that counsel when a supplemental or amended petition is filed, and said:
“ * * * A defendant who appears through counsel, specially, to bond property attached and to remove the cause to the federal court is before the court for no other purpose. Neither under local law nor under the Federal Rules of Civil Procedure may he thereafter be brought into court through service on his special counsel * * (Emphasis ours.)
We have no doubt that in using the words “local law” the Court was referring to the Louisiana statutes authorizing citations in certain instances on the “attorney of record.”
The question of what constitutes service of citation, where parties have appeared through counsel of record, is now answered in LSA-R.S. 13:3471, par. 15, which provides that, where a suit has been brought and the defendant or any other party has appeared through counsel, all other process, except garnishment process, may be accepted by, or service may be made upon, the attorney of record.
There can be no question then, and in fact it is conceded, that a citation of appeal, where- such is necessary, may be made on the attorney of record of the appellee but we do not hesitate to say that where such citation is served on the attorney of record, the attorney so designated must be one who has actually appeared in some of the pleadings, or has in some other way been shown to be actually an attorney representing the party for whom it is charged that he is the attorney of record. Certainly citation may not be served on some attorney *532 who happens to be in the courtroom and by chance gets into a controversy with one of the attorneys during the trial of a case, and that is all that seems to have occurred here.
It is conceded that citation is necessary, and it is well settled that where such citation is required, failure to issue and to serve proper citation will result in the dismissal of the appeal.
In Resweber v. Jacobs, 229 La. 355, 86 So.2d 64, 65, is found a very late expression of the Supreme Court on the subject:
“ * * * Citation of the appellee is essential to the appeal unless the motion or petition is presented in open court during the same term at which the judgment was rendered. Article 574, Code of Practice. When, as here, the appeal is applied for by motion presented in chambers and the appellant does not pray for or otherwise request issuance and service of citation and no service is made, the appeal must be dismissed. State v. Salmen Brick & Lumber Co., 149 La. 968, 90 So. 273; Ducre v. Succession of Ducre, 167 La. 133, 118 So. 864; Harding v. Hackney, 189 La. 132, 179 So. 58 and Bascle v. Perez, 224 La. 1014, 71 So.2d 551.”
While it is true that appeals are favored and should not be dismissed on mere technicalities, the failure to issue and to properly serve citation of appeal is jurisdictional and is not a mere technicality.
In Hartford Fire Insurance Company v. Staggs, La.App., 95 So.2d 376, 377, the Court of Appeal for the Second Circuit said:
“Appellee’s motion to dismiss presents a jurisdictional question. Where orders of appeal are taken in the aforesaid manner, without the issuance or service of a citation of appeal on the appellee, the appellee is not before the court and the appellate court has no jurisdiction over him and no proceedings can be had on the appeal ife * ^ ’>
In Louisiana State Board of Medical Examiners v. Parker, La.App., 84 So.2d 841, 842, appears the following:
“Although appeals in Louisiana are favored and will not be dismissed on mere technicalities, C.P. 898; R.S. 13 :- 4433, certain fundamental principles have been set out in the Code of Practice which generally control the effect to be given to an appeal. Thus, appeals must be taken by petition or by motion in open court at the same term at which the judgment was rendered, which has been interpreted to mean signed. And when the appeal has been granted upon motion in open court at the same term at which the judgment is signed, no citation of appeal or other notice to appellee shall be necessary. After the appeal has been taken and security given, as directed by the court, the clerk shall deliver a copy of the petition of appeal to the sheriff to be served on the appellee, together with a citation to appear before the court of appeal and answer. C.P. arts. 573, 574, 581 and 583.
“An appeal shall be dismissed where appellant fails to pray for and cause citation of appeal to be served upon appellee where the appeal is not made at a term in which the judgment was signed * *
As already shown, where such an error is chargeable to the Clerk, an appeal should not be dismissed, but there is overwhelming authority to the effect that, where the error is chargeable to appellant or his counsel, dismissal of appeal results. Marek v. McHardy, 231 La. 505, 91 So.2d 773. We also note that it has been held by the Supreme Court that the Clerk should issue citations in accordance with the prayer of the petition, unless otherwise instructed in writing by appellant or his counsel. Nunez v. Serpas, 198 La. 415, 3 So.2d 673.
*533 Counsel for appellants suggest that, since appeals are favored, if no proper citation has yet been issued, “a reasonable delay should be granted for making service.” Where improper service results solely from the fault of the attorney for appellants, no delay should be granted for the issuance of proper citation. Although, in certain instances, correction of the error or irregularity “in the citation of appeal or service thereof” may be made and a reasonable time granted therefor, in the article which grants this authority, 898 of our Code of Practice, it is provided that this may be done only when “ * * * it shall not appear that such defect, error or irregularity is imputable to the appellant.”
Our conclusion is that no proper citation of appeal was issued or served on appellees and that, under the circumstances, no delay for the issuance of proper citation should be granted.
Accordingly, the appeal is dismissed at the cost of appellants.
Appeal dismissed.