PER CURIAM.
This matter is before us on motion of the United States of America, an appellant, to voluntarily dismiss its appeal. Houston Fire & Casualty Insurance Company opposes the motion to dismiss the appeal.
The principal controversy arose over a fund amounting to $1,845.48 in the hands of Emery & Kaufman, Ltd., which it was holding as belonging to Robert F. Gotts-chalk. Emery & Kaufman, Ltd., filed this concursus proceeding calling upon several claimants to appear and present such claims as each might have to any part of the fund. The three claimants named were United States of America, Houston Fire & Casualty Insurance Company, and Ingard O. Johannesen, Trustee in Bankruptcy of Robert F. Gottschalk, the original owner of the fund which was in the hands of the depositor. All three of the designated claimants appeared, Houston Fire & Casualty Insurance Company claiming the entire fund, Johannesen, Trustee in Bankruptcy, claiming that the entire fund should form a part of the bankrupt estate of Gottschalk, and United States of America as a result of a tax lien, claiming $658.47.
There was judgment in the Civil District Court for the Parish of Orleans in favor of Johannesen as Trustee of the Estate of the Bankrupt and dismissing the claims of Houston Fire & Casualty Insurance Company and United States of America. The insurance company appealed as did United States of America. It is its own appeal which the United States of America seeks to dismiss voluntarily.
Article 901 of our Code of Practice reads as follows:
“When the Supreme Court once has jurisdiction of an appeal, whether by transmission of the record or by that of the citation served on the appellee, it can not, in any case, permit the appellant to withdraw his appeal, without the consent of the appellee, and the cause shall take its course, whether the appellant make default or not.”
*133 We do not hesitate to state that in a concursus proceeding in which there are several claims to the fund each claimant whose claim has been dismissed by an adverse judgment is an appellee insofar as each other claimant-appellant is concerned and that this is true even though the claimant opposing the dismissal by another appellant is itself an appellant.
There are numerous decisions based on Article 901 of the Code of Practice which hold that a voluntary dismissal of an appeal may not be granted unless there is obtained the consent of each appellee. Here not only is no consent obtained but the other appellant which we consider for this purpose an appellee opposes the dismissal. The latest of these decisions is Resweber v. Jacob, 229 La. 355, 86 So.2d 64, 65. There the Supreme Court said that the article in question “provides that the Court cannot 'in any case’ permit the withdrawal of the appeal ‘without the consent of the appellee’ * * * ”. The Supreme Court cited State v. Salmen Brick & Lumber Co., 149 La. 968, 90 So. 273, stating that there “the identical contention was made by appellant and rejected by the Court.”
For numerous other decisions see Dart’s New Louisiana Digest, Appeal, section 506.
The motion to dismiss the appeal is overruled.
Motion denied.