JANVIER, Judge.
This primary election contest was brought under the provisions of LSA-R.S. 18:364, subd. E. The plaintiff-appellant is Charles A. Leon. The defendants are Edward L. Jeanfreau and the St. Bernard Parish Democratic Committee.
Leon alleges that he and Jeanfreau in the Democratic Primary election of January 9th, 1960, were contestants for the democratic nomination for police juror of the Sixth Ward of the Parish of St. Bernard and that in the result which was promulgated there were 24 absentee ballots cast, 20 of which were for Jeanfreau and 4 of which were for himself.
Leon appealed from a judgment of the Twenty-fifth Judicial District Court for the Parish of St. Bernard which dismissed his suit in which he sought to have eliminated from the promulgation count certain absentee ballots, on the ground that Acts 61 of the Extra Session of 1921, 267 of the *448 Regular Session of 1944, and 435 of the Regular Session of 1948, LSA-R.S. 18:-1071 et seq., which purport to authorize the casting of absentee ballots, are violative of the provisions of Article VIII, section 4 of the Constitution of 1921, L.S.A.
The defendants filed exceptions to the jurisdiction of the Court and a plea of prescription, based on the alleged fact that the primary election contest was not filed-until after the expiration of the two-day limit which is provided by LSA-R.S. 18:364, subd. H. The plea of prescription was maintained and the suit dismissed. From that judgment the appeal was taken.
The judgment was rendered and signed on January 25th, 1960. On January 26th, 1960, Leon, plaintiff-appellant, filed a motion for a suspensive appeal to this Court and on that day the order of appeal was signed by the District Judge.
The returns of the said primary election were promulgated on Friday, January 15th, 1960, at 3:45 o’clock P.M., and the suit was filed at 9:35 o’clock A.M. on Monday, January 18th, 1960. This was obviously more than two calendar days after the promulgation of the returns. However, if Sunday, January 17th, which is the last of the two days, is not to be counted, then Leon did not have to file his suit until the following day, and it is his contention that Sunday was not to be counted.
When the appeal was lodged in this Court, we set the hearing for 10:30 o’clock on the morning of February 2nd, 1960. On January 29th, 1960, there was filed by Jean-freau a motion to dismiss the appeal on the ground that no citation of appeal was prayed for or served on defendants-appellees as is required by Code of Practice, Articles 573, 574, 581. The matter was then argued before us on both the motion to dismiss the appeal and the plea of prescription of two days.
There is no doubt that unless an order of appeal is signed in open court and at the same term of Court at which the judgment was rendered, a citation of appeal is absolutely necessary.
In Resweber v. Jacob, 229 La. 355, 86 So.2d 64, 65, the Supreme Court said:
“ * * * Citation of the appellee is essential to the appeal unless the motion or petition is presented in open court during the same term at which the judgment was rendered. Article 574, Code of Practice. When, as here, the appeal is applied for by motion presented in chambers and the appellant does not pray for or otherwise request issuance and service of citation and no service is made, the appeal must be dismissed. State v. Salmen Brick & Lumber Co., 149 La. 968, 90 So. 273; Ducre v. Succession of Ducre, 167 La. 133, 118 So. 864; Harding v. Hackney, 189 La. 132, 179 So. 58, and Bascle v. Perez, 224 La. 1014, 71 So.2d 551.”
The requirement that there must be citation of appeal where the order of appeal is not signed in open court is applicable in such a contest as this as in all other actions. In the Primary Election Law under which this suit is filed it is provided that: “The party cast may appeal as in other cases.” LSA-R.S. 18:364, subd. E.
However, there is nothing in this record which indicates whether the order of appeal was signed in open court or in chambers when the court was in session, and there is authority to the effect that in such a situation where there is nothing in the record to indicate that the order was signed in open court, it will be assumed that it was so signed. Perez v. Carbrey, La.App., 22 So.2d 76.
On the day fixed for argument in this Court there was filed with the Clerk a statement by Edward L. Jeanfreau, the appellee, accompanied by an affidavit of the *449 District Judge, which documents read as follows:
“CHARLES A. LEON v. ST. BERNARD PARISH No. 7249 DEMOCRATIC COMMITTEE AND EDWARD L. JEANFREAU
Sidney D. Torres Filed Jan. 30, 1960 Clerk
EDWARD L. JEANFREAU, Defendant-Appellee—suggest to the Honorable Bruce Nunez, Judge of the trial court herein, that he filed a motion in the Court of Appeal based upon the fact that Charles Leon, the Appellant, presented his Motion of Appeal to him as District Judge in Chambers and that he signed said Order of Appeal in Chambers on the 26th day of January, 1960 without stating that said Order was signed in Chambers and the fact should appear of record for consideration by the Court of Appeal, and therefore, Mover request him, as Judge, to file a statement setting out said facts in the record for consideration by the Court of Appeal.
Respectfully submitted,
(Sgd) Edward L. Jeanfreau EDWARD L. JEANFREAU D e f endant-App ell e e”
“STATE OF LOUISIANA PARISH OF ST. BERNARD RE: Charles A. Leon vs. St. Bernard Parish Democratic Committee and Edward L. Jeanfreau
“This certifies to the fact that Richard H. Gauthier, Attorney for Charles Leon, Plaintiff and Appellant in this case presented to me in the Clerk of Court’s Office at Chalmette, Louisiana or in Chambers, a motion for Suspen-sive Appeal in the above entitled cause and that I signed the Order for Sus-pensive Appeal in Chambers, or in the Clerk of Court’s Office on the morning of January 25th, 1960.
(Sgd) Bruce Nunez JUDGE
The above statement sworn to and subscribed before me this 2nd day of February, 1960.
(Sgd) Sidney D. Torres SIDNEY D. TORRES, CLERK OF COURT”
On the day following the argument, to-wit: February 3rd, 1960, there was filed with the Clerk of this Court an affidavit of the Clerk of Court of the Twenty-fifth Judicial . District Court reading as follows :
“CHARLES A. LEON No. 7249 vs. ST. BERNARD PARISH DEMOCRATIC COMMITTEE AND EDWARD L. JEANFREAU
“I, SIDNEY D. TORRES, Clerk of Court for the Parish of St. Bernard, certify that as reflected by the Minute Book for the Twenty-fifth Judicial District Court for the Parish of St. Bernard no court was held in the Parish of St. Bernard on January 26th, 1960, that no minute entry was made of any court proceedings or any order rendered in open court on January 26th, 1960 because Court was not opened on said date and more particularly the Order of Suspensive Appeal granted and signed by Judge Bruce Nunez in the above entitled case was rendered and signed in my office at Chalmette, Louisiana, when Richard Gauthier, Attorney for Plaintiff-Appellant-Charles A. Leon, presented his motion for Suspensive Appeal to Judge Nunez in my office on the morning *450 of January 26th, 1960 so that said motion for Suspensive Appeal was presented and said Order of Appeal was signed by District Judge Nunez in Chambers in the Clerk of Court’s office on the morning of January 26th, 1960.
“Further that the record of this case filed in the Orleans Court of Appeal contains excerpts from the Minutes of the District Court for the Parish of St. Bernard, Louisiana, which shows the entry of Judgment rendered in this case on January 25th, 1960 hut no Minute entry of the District Court for the Parish of St. Bernard on January 26th, 1960 because Court was not in session in the Parish of St. Bernard on said date — January 26th, 1960.
“This certificate is filed by me as Clerk of Court to supplement the transcript of appeal in the above entitled case filed in the Orleans Court of Appeal.
(Sgd) Sidney D. Torres SIDNEY D. TORRES, Clerk of Court 25th Judicial District Court Parish of St. Bernard, La.
Sworn to and subscribed before me, Notary, this 2nd day of February, 1960.
(Sgd) Lena R. Torres LENA R. TORRES, Deputy Clerk of Court & Ex-Officio a Notary Public”
Since those documents were not a part of the original record we entertained some doubt as to our right to accept as facts the statements made. We say this not as an indication of doubt of the truth of the statements, but merely to indicate a realization of the possibility that we should not consider those statements as establishing the facts set forth therein.
' We note a discussion of a somewhat similar situation in Ducre v. Succession of Ducre, 167 La. 134, 118 So. 864, in which the Supreme Court referred to the minutes of the Court and stated that they did not show that the order was moved for and granted in open court and did not make any mention of an appeal and the court suggested that, since the order did not state that it was signed in open court, it might be accepted as indicating that it was granted in chambers.
Under the circumstances, we would remand the matter for the introduction of such evidence as may be available on the question, but since we are required to decide such a case as this within twenty-four hours, we have thought it advisable to follow the course which the Supreme Court followed in Boucher v. Division of Employment Security, etc., 235 La. 851, 106 So.2d 285, 287, and since there is no expressed objection to the affidavits nor any denial of the facts stated therein, to accept those statements as establishing the fact that the order was not signed in open court. In the Boucher case the Supreme Court said:
“Ordinarily this court will not receive evidence originally or consider as evidence documents that were not introduced below, Article 894, Code of Practice, but this rule is not enforced in a case such as this where facts occurring subsequently to an appeal are not denied but on the contrary are admitted. In Wilson v. Wilson, 205 La. 196, 17 So.2d 249, 251, this court said: ‘In a number of cases this court has considered evidence of such facts, since it would serve no useful purpose to remand a case for the purpose of offering evidence in the court below of facts which are not denied.’ See also Bayou Rapides Lumber Co. v. Davies, 221 La. 1099, 61 So.2d 885.”
It is true that, in the Boucher case and in the two cases cited, Wilson v. Wilson and Bayou Rapides Lumber Co. v. Davies, the occurrences which were sought to be shown by affidavit took place subsequently to the appeal, and in DeFrances v. Gauthier, 220 La. 145, 55 So.2d 896, 898, the *451 Supreme Court called attention to this fact, saying:
“Although there are some cases in our jurisprudence where the rule announced above has been somewhat relaxed, and where this court has considered the evidence, in these cases certain facts which were not denied occurred after the appeal, and it would serve no useful purpose to remand a case for the lower court to consider facts which were not denied. * * * ”
We do not think that the case at bar can be distinguished on that ground. Here, it is true that the fact which is attempted to be shown did not occur after the appeal, but was an all important fact which occurred just as the appeal was being granted. Furthermore, it is an attempt to show that, since there is no minute entry showing that the court was in session on January 26, we should accept proof on that question.
If the fact be, as apparently established by those documents, that the order was not granted in open court, then, following the well established jurisprudence, the appeal must be dismissed.
Accordingly, the appeal is dismissed at appellant’s cost.
Appeal dismissed.