### FIDELITY & CASUALTY CO. OF NEW YORK v. GENERAL MOTORS ACCEPTANCE CORPORATION et al. *
#### No. 4671.

Court of Appeal of Louisiana. Second Circuit.

Feb. 5, 1934.

Hardin & Coleman, of Shreveport, for appellant.

E. W. Browne and P. N. Browne, both of Shreveport, and Watkins & Watkins, of Minden, for appellee.

MILLS, Judge.

The agreed statement of facts upon which this case is submitted shows that the General Motors Acceptance Corporation had obtained in the First district court of Caddo parish, La., in suit No. 54697, a final judgment in the sum of $341, interest, attorney's fees, and costs, against J. F. Basinger. Subsequently, Eugene Basinger, to whom J. F. Basinger and other employees had assigned their claims for wages, in the Twenty-Sixth district court of Webster parish, brought suit No. 7409 against the Mount Vernon Oil & Gas Company. In the course of the prosecution of this suit to final judgment, the Fidelity & Casualty Company became liable as surety on an appeal bond. Learning that there were adverse claimants, in the present suit it deposited the amount of the judgment in the registry of the Twenty-Sixth district court, with the prayer that the various laborers and the General Motors Acceptance Corporation, which had attempted to seize under fieri facias, issued in suit No. 54697, the interest of J. F. Basinger in the suit No. 7409, be ordered to appear and assert their claims.

The only issue presented is the validity vel non of the seizure, it being attacked on the ground of improper service of notice of seizure upon the parties to suit No. 7409, it having been served on the clerk of court and counsel of record but not upon the parties themselves.

The lower court held the service to be insufficient, rejected the demands of the General Motors Acceptance Corporation, and declared Eugene Basinger, assignee, entitled to the interest of J. F. Basinger in the fund. From this judgment the General Motors Acceptance Corporation has appealed.

Article 654 of the Code of Practice provides that: "It shall be the duty of the sheriff, as soon as he shall have executed the writ of fieri facias, to give notice thereof in writing to the debtor, and to annex thereto a list of the property seized, which he shall deliver to him in person, or leave at his place of ordinary residence."

The seizure of the rights and interests of a litigant in a pending lawsuit is regulated as follows by Act No. 85 of 1928, § 2: "The seizing creditor shall have a notice of seizure served upon the parties to the suit."

Section 1, subd. 16 of Act No. 179 of 1918 provides: "After suit has been brought and the defendant has appeared, through counsel, service of all other process in the suit, except garnishment process, but including supplemental petitions, should same be allowed by the court may be accepted by, or service made upon, the attorney of record."

This act being in derogation of the usual methods of service, its effects should be limited to cases coming clearly under it.

The notice of seizure in the case was a process issuing out of suit No. 54697, in the First district court, and not out of suit No. 7409 in the Twenty-Sixth district court, in which the counsel served were employed. We then have the service of process issuing out of one suit served upon the counsel of record in another and different suit, which, we think, is contrary to the wording and intention of section 16 of said Act No. 179.

The theory upon which service on counsel of record is permitted is that, being employed in a suit, they are the agents of the parties for all purposes arising out of that suit. Counsel employed in suit No. 7409 are not the agents of the parties to suit No. 54697.

We have not found, nor been referred to, any authorities which aid us in arriving at the conclusion that service of notice of seizure under fieri facias issuing out of one suit can be legally made upon counsel representing the parties in another action in which an interest is seized.

We find the judgment appealed from correct, and it is accordingly affirmed.

