Plaintiff sues for a money judgment in the sum of $219.38, representing the difference between the purchase price of certain articles of furniture alleged to have been bought by plaintiff's wife from the defendant company in the amount of $235.42, and the unpaid balance thereon in the amount of $16.04. According to the allegations of the petition, the cause of plaintiff's action is based upon a judgment rendered in a former suit of this defendant against plaintiff's wife, Mrs. N.P. Chamberlain, and the subsequent execution of said judgment under writs of fieri facias.
As a bar to plaintiff's action defendant filed an exception of res judicata, which asserted the present suit to be founded "on the same causes of action" involving "the same demands" as the suit entitled Bruce Furniture Company v. Mrs. N.P. Chamberlain, No. 8051 on the docket of the City Court of Shreveport, in which suit final judgment had been rendered.
The exception of res judicata was sustained by the Judge of the City Court and plaintiff's suit dismissed, from which judgment plaintiff prosecutes this appeal.
From an examination of the record of the suit of Bruce Furniture Company v. Mrs. N.P. Chamberlain, which record has *Page 184 
been made a part of these proceedings, it appears that the said suit sought judgment in the sum of $103, with interest and attorney's fees, as the balance due by the named defendant on the purchase price of certain articles of furniture bought from plaintiff. A petition of intervention was filed on behalf of N.P. Chamberlain, husband of Mrs. N.P. (Louise) Chamberlain, who was at the time a member of the armed forces of the United States, which intervention invoked the relief afforded by the Soldiers Sailors Relief Act, 50 U.S.C.A. Appendix, § 501. et seq., passed by the Congress of the United States, and sought a stay of execution against the furniture, conditioned upon the payment of a specified monthly amount to be applied against the unpaid balance of the purchase price thereof.
The judgment in the original suit read as follows:
"This matter coming up for trial as against defendant, Mrs. Louise Chamberlain, and upon the intervention of N.P. Chamberlain, seeking a stay, the law and the evidence being in favor thereof,
"It is ordered, adjudged and decreed that there be judgment herein in favor of Bruce Furniture Company, plaintiff and against Mrs. Louise Chamberlain in the full sum of $103.03, together with 8% per annum interest thereon from January 13, 1943 until paid and 10% attorney's fees on both principal and interest and costs, and maintaining and recognizing the sequestration issued.
"It is further ordered, adjudged and decreed that there be further judgment herein in favor of Mrs. Louise Chamberlain and her husband, N.P. Chamberlain, and against the Bruce Furniture Company, staying the execution of the above judgment as against either of them or against the property herein sequestered, conditioned upon the payment to the Bruce Furniture Company of $15.00 per month upon the judgment herein rendered, these payments to be made on the third day of each month, the first payment being due on the third day of April, 1944, the rights being reserved in the Bruce Furniture Company to apply to the Court for a setting aside of this stay in the event any payment or payments herein required are not met as provided.
"Done and signed in open Court on this the 30th day of March, 1944.
"Ruvian D. Hendrick "Judge"
Subsequent to the rendition of the original judgment plaintiff sought and obtained an annulment of the stay order on the ground that the last payment under the provisions thereof, together with attorney's fees, interest and costs, was in default. The prayer of plaintiff's motion for the vacation and annulment of the stay order reads as follows:
"Wherefore, mover prays that the defendant be duly cited, through her attorney of record, L.L. Lockard, and that in due course the stay order be vacated, annulled and declared of no further effect, otherwise the original judgment signed by Ruvian D. Hendricks, Judge of the City of Shreveport, Louisiana, to remain in full force and effect; further prays for all orders and decrees necessary and for general and equitable relief."
Pursuant to the above prayer the stay order was vacated and annulled and, under writs of fieri facias, execution of the judgment was had by sale of the furniture.
It is urged on behalf of appellant, in this Court, that he was not a proper party to the original judgment, and that, for this reason, the plea of res judicata was improperly sustained.
In passing upon the propositions presented in this appeal, we find it necessary only to refer to the provisions of Article 2286 of the Civil Code, which form the basis for the plea of res judicata, which article reads as follows:
"Judgments — When res judicata. — The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality." *Page 185 
The first requirement of the above article is to the effect that "the thing demanded must be the same." It is obvious that the thing demanded in the original suit by Bruce Furniture Company, was the balance due on the purchase price of the furniture, while the demand in the instant case on the part of Chamberlain is the difference between the purchase price of the furniture and the unpaid balance thereon.
The second requirement of the codal article provides that "the demand must be founded on the same cause of action." It is evident that although the demands in the two suits may be said to arise from the same initial transaction, i. e. the purchase of the furniture, they cannot be regarded as being founded on the same cause of action, since one arose from a contract of purchase and the other from an allegedly wrongful and illegal seizure and sale.
[1] Finally, the article of the Code requires that "the demand must be between the same parties." The original suit was a proceeding by Bruce Furniture Company against Mrs. Chamberlain, and it is argued on behalf of defendant in this cause that Chamberlain voluntarily subjected himself to the effect of a judgment in said cause by intervening therein. But, it is noted in the matter before us that Chamberlain alleges that such intervention was filed without his knowledge, consent or authority. It is an elementary proposition that courts must accept the allegations of a petition as being true in passing upon the merits of an exception.
[2] In our opinion no one of the essential requirements, which would justify the maintenance of the plea of res judicata, is present in this case.
[3] Notwithstanding the fact that much of the argument of counsel, orally and in brief, on this appeal, has been devoted to a discussion of the binding effect of the intervention, we pretermit any discussion of this point on the ground that this is a proposition to be determined by proof on the merits of the cause.
For the reasons assigned, the judgment appealed from is reversed and set aside, the exception of res judicata is overruled, and the cause is remanded to the Honorable the City Court of the City of Shreveport, Caddo Parish, Louisiana, for further proceedings. The costs of this appeal are to be borne by defendant-appellant, and all other costs shall await final determination of this cause.