The facts involved in this case are set forth in the opinion of this Court which remanded the cause to the City Court of the City of Shreveport, Caddo Parish, Louisiana, for further proceedings, as shown in Chamberlain v. Bruce Furniture Co. et al., La. App., 29 So.2d 183.
After the case was remanded to the City Court the defendant again filed a plea of estoppel, a plea of non-joinder and an exception of no cause and no right of action. The exception of non-joinder was overruled and the exception of no cause or right of action and the plea of estoppel were referred to the merits. After trial on the merits there was judgment sustaining *Page 258 
the plea of estoppel and rejecting plaintiff's demands, from which judgment plaintiff brings this appeal.
The basis of the plea of estoppel is predicated upon defendant's contention that plaintiff admitted the authorization of his wife to purchase the furniture; that he provided the money for the monthly payments made in response to judgment rendered against him, and that he appeared in the suit brought by these defendants, for the purpose of collecting an unpaid balance, through one L.L. Lockard, a member of the Shreveport Bar.
The exception of no cause and no right of action, which is additionally urged in this Court by zealous counsel for defendants, is based upon the contention that Mrs. Chamberlain incurred the obligations for the payment of the furniture as a duly authorized agent of the community and thereby bound the community for payment.
Conceding the truth of the facts relied upon with respect to these exceptions, we are of the opinion that they do not strike down all of plaintiff's grounds of action. It is to be borne in mind that plaintiff in this proceeding is seeking to recover damages resulting from what he claims to have been an illegal seizure and sale of the furniture.
The salient point, as we appreciate the involved facts herein, and the only one which in our opinion requires an examination and disposition, is with reference to the procedure followed by defendants in attempting to enforce their judgment by the service of process on plaintiffs through attorney Lockard.
Defendants in combating this contention rely on a strict interpretation of the law as set forth in the Code of Practice Article 186.1 (16) which provides:
"After suit has been brought and the defendant has appealed, through counsel, service of all other process in the suit, except garnishment process, but including supplemental petitions, should same be allowed by the court may be accepted, by, or service made upon, the attorney of record, and the right so to serve shall remain until the attorney shall have formally withdrawn from the case under order of court; and this rule shall also apply to the plaintiff and his attorney, after suit filed."
In connection with the above quoted article defendants also urge the provisions of Article 186.10 of the Code of Practice referring to the service of pleadings, motions, etc., upon attorneys of record.
As a general proposition we think defendants' argument on this point would be sound in the absence of a formal withdrawal by attorney Lockard as counsel for plaintiff. But it is always true that circumstances alter cases, and, certainly, facts frequently change the applications of general rules of law.
Briefly recapitulating the facts for the purpose of discussing this point, it is to be borne in mind that plaintiff, Chamberlain, was in the service of the armed forces at the time his wife purchased the furniture herein brought into question. Due to inability to make the required payments in accordance with the terms of the purchase, the vendor of the furniture brought suit against the Chamberlains. Attorney Lockard, representing Mrs. Chamberlain, also filed an intervention on behalf of Mr. Chamberlain, as a result of which a judgment was rendered in favor of plaintiffs, the vendors of the furniture, against the Chamberlains, coupled with an order staying execution thereof in consideration of payments in accordance with the provisions of the judgment.
It is significant to observe that the terms of payments were kept for a considerable period of time until the balance due the vendor of the furniture had been reduced to the sum of $16.04.
Seeking to enforce the collection of this balance of $16.04, a default in complying with the terms of the stay order was alleged and the judgment consequently was made executory. At this time Mrs. Chamberlain had removed from Shreveport, after storing the furniture in a local storage warehouse, and her whereabouts were unknown.
Counsel for the furniture concern contacted Mr. Lockard and was told definitely, according to the uncontradicted testimony of the said attorney in this proceeding, that he no longer represented the Chamberlains and that he considered his connection with *Page 259 
the matter long since terminated. Despite this warning, process was served on the Chamberlains through Lockard as attorney of record, and after the judgment in the principal sum of $16.04 was made executory, writs of fieri facias were issued, and notice of seizure was also served on Lockard.
[1] We think it important at this juncture to quote the testimony of Mr. Lockard, as reflected in the record of this case, as follows:
"No, I didn't take any formal steps to withdraw, no. I didn't think it was necessary after I talked to you. I was relying on what I understood your representation to be that you would have other service."
The interpretation of this extract of Mr. Lockard's testimony is clear, unequivocal and uncontradicted. The counsel who cross-examined him at the time the above quoted testimony was given was the same attorney who had been advised previously by Mr. Lockard that he was no longer representing the Chamberlains, and he was the same attorney who had given Mr. Lockard to understand that he would take other steps to bring the Chamberlains into court. This attorney made no effort to testify in the case in order to attempt to refute Mr. Lockard's testimony, and it therefore must be conclusively presumed that he knew this testimony and the facts set forth therein to be true.
[2] As pointed out in the case of Fidelity Casualty Company of New York v. General Motors Acceptance Corporation, La. App., 152 So. 692, 693, the law upon which defendants rely in this case is "in derogation of the usual methods of service [and] its effects should be limited to cases coming clearly under it".
[3] We are definitely of the opinion in this case that, under the circumstances, defendants are not justified in relying on a strict application of the provisions requiring formal withdrawal of counsel. Practicing members of the bar are too much accustomed to rely upon personal agreements and understandings between themselves which frequently have the effect of supplanting strict and formal statutory requirements. Failure of courts to extend full faith and credit to these agreements and to enforce such agreements would render the practice of law a thing of such immutable formality as to seriously and adversely affect the pleasant and agreeable relationships which for the most part exist between opposing counsel and the mutual advantages and benefits flowing therefrom.
For these reasons we deem it necessary in the interest of justice to reverse the judgment from which this appeal has been taken.
It is to be regretted that the facts contained in the record before us are not sufficient to justify a definitive pronouncement of judgment by this Court as to the respective rights of the parties herein. Without question the defendants are entitled, as off-sets against plaintiff's claims, to the item of $16.04, which remained unpaid on the amount of the obligation originally assumed, and certain court costs, together with the expense and cost of storage of the furniture which was paid. The difficulty arises from the fact that the record does not contain any showing of the value of the furniture at the time of the seizure and sale by defendants. It is essential that facts be properly established upon which may be predicated a determination of the several rights of the contesting parties and adjudication made on the basis thereof.
For the reasons assigned the judgment appealed from is reversed and set aside and this case is remanded to the Honorable the City Court of the City of Shreveport, Caddo Parish, Louisiana, for further proceedings, in accordance with the views herein expressed. The costs of this appeal are to be borne by defendant-appellant and all other costs shall await final determination of this cause.
 On Application for Rehearing