TALIAFERRO, Judge.
This case has been before this Court twice heretofore. 29 So.2d 183; 35 So.2d 257. The facts of the litigation are fully set out in the former opinions, and will not again be repeated save insofar as may be necessary to a presentation of the issues now before us.
The first appeal was prosecuted by plaintiff herein from judgment that sustained a plea of res judicata. The judgment was reversed and the case remanded for further proceeding.
The second appeal was from judgment that sustained a plea of estoppel. This judgment was also reversed and the case •again remanded. It is now before us on appeal by the defendant from a money judgment in favor of the plaintiff for $219.38, less a credit of $78.79.
The furniture, the price of which was sued for, was stored by plaintiff’s wife in a warehouse in the City of Shreveport, Louisiana, on June 1, 1944, where it remained until seized in November 1945, under a fi. fa. issued on a judgment on which there was a balance due of only $16.04. In the second appeal we held that the stay order had been erroneously set aside by the lower Court; and, therefore, since the judgment was not executory, the furniture was illegally seized and sold at defendant’s instance. As is reflected from our prior opinions, plaintiff here sued to recover the value of the furniture at time sold. Defendant 'became the purchaser of the furniture at Sheriff’s sale.
On the merits, the sole issue now before us has to do with the value of the furniture when sold.
The furniture, it is shown, was in good condition when stored. Some of it had not been in use for one year and none of it in excess of eighteen months. An employee of the storage company testified that when seized the furniture was still in good condition; that no scratches or other like injury had been done to it while in storage. The original cost of the furniture, including tax, was $235.42. It was then new.
Mr. W. W. Bruce, member and general manager of defendant partnership, testified concerning the furniture’s condition when sold by the marshal. No other testimony was offered on this score by the defendant. He stated that due to the varnish cracking, while in storage, each piece of the furniture had to be revarnished; that “as a furniture man buying that furniture *201 and having to refinish and handle it,” its value when sold was not more than $50.00; that furniture that “showed any wear of any kind, could not sell for more than one-third of its original selling price”, and that when refinished it would not sell for more than two-thirds of the original selling price. He did not disclose the expense of refinishing the furniture nor the price at which he resold it. Mr. Bruce’s opinion of the value of the furniture is, naturally, .that of a furniture merchant, dealing in new and used goods for profit. When purchasing used merchandise he is actuated primarily by the desire to resell at a profit, and in furtherance of this desire values are fixed with extreme care and caution.
But there is another side to the question. This furniture was less than two years old. For plaintiff and his wife, it would have served as well as if new. Its possession would have obviated the necessity of acquiring new furniture, and now, since they have been deprived of its use and possession, they are faced with the .necessity of again involving themselves for the price of a new supply.
Due to the paucity of evidence in the record and its inconclusive character on the question of value of the furniture when seized, to determine the measure of defendant’s liability to plaintiff, is not free of difficulty. However, it is imperative that this litigation should terminate.
The lower Court fixed liability of the defendant to plaintiff at an amount only $16.00 less than the original cost of the furniture, or practically seven per cent. It, of course, had depreciated in value from use to some extent, and we think more than this amount. We feel warranted in fixing this depreciation at $45.00, or nearly twenty per cent, and for this amount defendant is entitled to additional credit.
The appellee has asked for no amendment of the judgment. On the contrary, its affirmance is prayed for.
Appellant re-urges all of the pleas and exceptions filed by him in the case. His counsel devotes a considerable portion of his brief to a discussion of the pleas of res judicata and estoppel, notwithstanding, so far as this Court is concerned, these have been consigned to the realm of the thing adjudged.
He also stresses the exceptions of no cause and no right of action and of non-joinder.
In support of the exception of non-joinder, it is argued that plaintiff should have proceeded for reimbursement, of his losses, if any, against attorney Lockard, if he had no authority to represent him in the original suit. Counsel can hardly be serious in this position. The issues in the original suit were settled by rendition of judgment with stay order. That ended Mr. Lock-ard’s connection with the suit. Counsel was so advised when considering the mode of service of the rule to have the stay order set aside.
The exceptions of no cause and no right of action are also not tenable. Plaintiff was absent in the military service of his country when his wife found it necessary to abandon housekeeping in Shreveport, and to store their furniture, as was done. In the effort to collect the small balance of $16.04 due on the judgment, it was seized and sold under an appraisepient of only $30.00. Defendant became the purchaser for $20.00. We have held that for lack of legal service of the rule to revoke the stay order, this seizure and the sale were unlawful. The furniture may no longer be recovered. It is gone. In view of these facts, the only recourse available to plaintiff was that adopted by him herein, viz.: to seek to recover its value. The petition is clear in this respect and therefore discloses a right and a cause of action against defendant who put in motion the various acts that have redounded to plaintiff’s loss.
For the reasons herein assigned, the judgment is amended by reducing the principal amount due plaintiff to One Hundred Eleven and 63/100 ;($111.63) Dollars, with legal interest from judicial demand until paid, and as thus amended, it is affirmed. Plaintiff is cast for costs of appeal. Defendant is cast for all other costs.